**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| **Hon. Eduardo Bhatia Gautier**, en su carácter como Portavoz del Partido Popular Democrático en el Senado de Puerto Rico<br>*Demandante*<br><br>v.<br><br>**Hon. Ricardo Rosselló Nevares**, en su carácter como Gobernador del Estado Libre Asociado de Puerto Rico; **Estado Libre Asociado de Puerto Rico;**<br>*Demandados* | **Civil Núm.:** _____<br><br><br>**Sobre:** Mandamus<br><br>**Asunto:** Acceso a información pública |

# MANDAMUS

**AL HONORABLE TRIBUNAL:**

COMPARECE la parte demandante de epígrafe, Hon. Eduardo Bhatia Gautier, en su carácter como Portavoz del Partido Popular Democrático en el Senado de Puerto Rico, por conducto de la representación legal que suscribe y muy respetuosamente ALEGA, EXPONE Y SOLICITA:

## I.     JURISDICCIÓN Y COMPETENCIA

1. La Sala Superior de San Juan del Tribunal de Primera Instancia es la sala con jurisdicción y competencia para atender el caso de epígrafe en virtud de las disposiciones de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada, particularmente sus artículos 5.001 y 5.003, los artículos 649 y siguientes del Código de Enjuiciamiento Civil, 32 LPRA §§ 3421 et seq. y la Regla 54 de las Reglas de Procedimiento Civil de Puerto Rico.

## II.     PARTES

2. La parte demandante es el Hon. Eduardo Bhatia Gautier, quien comparece ante este Honorable Tribunal en su carácter como Portavoz del Partido Popular Democrático en el Senado de Puerto Rico.

3. La parte demandada es el Hon. Ricardo Rosselló Nevares, quien ocupa la posición de Gobernador del Estado Libre Asociado de Puerto Rico, y cumple las funciones constitucionales del más alto rango dentro del Poder Ejecutivo en

nuestra jurisdicción. Su dirección postal es PO Box 9020082, San Juan, PR 00902-0082.

4. La parte demandada es el Estado Libre Asociado de Puerto Rico (ELA), es la entidad gubernamental a nivel central, creada por la Constitución del ELA, con capacidad para demandar y ser demandada. Se diligencia el presente recurso, por conducto del Secretario de Justicia, y de conformidad con la Ley Orgánica del Departamento de Justicia, según enmendada, y a tenor con la Regla 4.4 (f) de las Reglas de Procedimiento Civil. 32 L.P.R.A. Ap. V R. 4.4 (f). La dirección física del Departamento de Justicia es Calle Olimpo, Esquina Axtmayer, Parada 11, Miramar, Puerto Rico. La dirección postal es Apartado 9020192, San Juan, Puerto Rico 00902-0192. Su número de teléfono es 787-721-2900.

### III.    LOS HECHOS

5. El pasado 30 de junio de 2016, se aprobó en el Congreso de los Estados Unidos la Ley Pública 114-187, conocida como el *Puerto Rico Oversight, Management, and Economic Stability Act* (PROMESA, por sus siglas en inglés).

6. La Ley PROMESA, *supra,* en su Sección 202(a), establece la responsabilidad del Gobernador del Estado Libre Asociado de Puerto Rico de presentar a la Junta de Supervisión Fiscal para Puerto Rico, creada por virtud de la mencionada Ley, las propuestas de los Presupuestos para el Estado Libre Asociado de Puerto Rico y sus instrumentalidades. **Véase ANEJO 1.**

7. La Junta de Supervisión Fiscal para Puerto Rico (la "Junta"), mediante Resolución con fecha del 13 de marzo de 2017, y conforme a la Sección 202(a) antes mencionada, estableció el 30 de abril de 2017 como fecha límite para el Gobernador de Puerto Rico someter a la Junta las propuestas de los Presupuestos para el Estado Libre Asociado de Puerto Rico y sus instrumentalidades para el año fiscal 2017-2018, así como un plan detallado de la implementación de las medidas contenidas en el Plan Fiscal del Gobierno de Puerto Rico y el Plan Revisado de Liquidez para el Estado Libre Asociado. **Véanse ANEJOS 2 y 3.**

8. Conforme a lo requerido por la Junta de Supervisión Fiscal para Puerto Rico, y lo dispuesto en la Ley PROMESA, el Gobernador del Estado Libre Asociado de

Puerto Rico, Hon. Ricardo Rosselló Nevares, sometió a la Junta un Proyecto de Presupuesto el pasado 30 de abril de 2017.

9. A esos efectos, la parte demandante, Hon. Eduardo Bhatia Gautier, en su carácter como Portavoz del Partido Popular Democrático en el Senado de Puerto Rico, solicitó al Gobernador Ricardo Rosselló Nevares, mediante carta con fecha del pasado 2 de mayo de 2017, que hiciera pública copia del mencionado Proyecto, y compartiera una copia con el Portavoz, de manera inmediata. **Véase ANEJO 4.**

10. A pesar de las gestiones realizadas por la parte demandante para obtener la información solicitada, a esta fecha la misma no ha sido suministrada de forma alguna, ni se ha provisto razón de tipo alguno que justifique el no proveer la información solicitada. De hecho, en reiteradas ocasiones, la parte demandada amparándose en argumentos sumamente escuetos y supuestamente basados en leyes federales, que resultan contrarios a lo que establece nuestro ordenamiento jurídico y la propia Ley PROMESA, se han negado a suministrar los documentos públicos solicitados. **Véanse ANEJOS 5 y 6.**

11. Con relación al punto anterior, resulta importante señalar que se desprende del Título 1, Sec. 101(c) de la Ley PROMESA que una Junta de Supervisión - conforme a lo establecido bajo dicha Sección- se creará como una entidad dentro del gobierno del territorio, y no se considerará un departamento, agencia, establecimiento o instrumentalidad del Gobierno Federal. Podemos concluir de esto, que contrario a lo que parecería sugerir la parte demandada, con relación a la presente reclamación, no aplican leyes federales que protejan su negación a divulgar documentos públicos. **Véase ANEJO 7.**

12. La parte demandante ha agotado todos los remedios administrativos disponibles para obtener la información solicitada sin obtener resultados positivos.

13. No existe otro remedio adecuado y eficaz en ley para que la parte peticionaria pueda obtener la información solicitada por lo que es necesario que se expida el presente recurso de Mandamus para obtención de dicha información.

14. Toda información solicitada es información pública y de alto interés público para la totalidad del Pueblo de Puerto Rico, y es, por tanto, necesaria para informar a la ciudadanía sobre la gestión y transparencia gubernamental y la correspondiente fiscalización de la misma, así como a la Legislatura del Estado Libre Asociado de Puerto Rico, quienes son los llamados por la Constitución del Estado Libre Asociado de Puerto Rico a aprobar los Presupuestos del Gobierno de Puerto Rico y sus instrumentalidades.

15. La información solicitada por la parte demandante no está protegida de forma alguna por confidencialidad o privilegio alguno; tampoco está cobijada bajo cualquiera de las excepciones al derecho de acceso a la información.

16. Las actuaciones y omisiones de la parte demandada al negarse a proveer o poner a disposición del peticionario la información pública solicitada lacera el derecho de éstos últimos al acceso a la información.

17. El derecho a acceso a la información es corolario necesario de los derechos de acceso a la libertad de expresión, prensa y asociación expresamente expuestos en la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico y la Primera Enmienda de la Constitución de los Estados Unidos de Norteamérica.

## IV.   AUTO DE MANDAMUS

18. El auto de Mandamus, es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. Art. 649 del Código de Enjuiciamiento Civil (1933), 32 L.P.R.A., sec. 3421.

19. Aunque el Mandamus es un remedio de ley, participa de la índole de los de equidad. Rodríguez v. Corte, 53 D.P.R. 575, 577 (1938); véanse, además, Maldonado v. Programa Emergencia de Guerra, 68 D.P.R. 976 (1948); Abella v. Tugwell, Gobernador, 68 D.P.R. 464 (1948). Por consiguiente, algunos principios rectores de los recursos de equidad, como los que gobiernan el injunction, son aplicables al auto de Mandamus. D. Rivé Rivera, *Recursos Extraordinarios,* 2da ed., San Juan, Programa de Educación Legal Continuada

4

de la Universidad Interamericana de Puerto Rico, Facultad de Derecho, 1996, pág. 111.

20. Este recurso solo procede para exigir el cumplimiento de un deber impuesto por la ley, es decir de un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatario e imperativo. Espina v. Calderón, Juez, Sunc. Espina, Int., 75 D.P.R. 76, 84 (1953); Pueblo v. La Costa, Jr., Juez, 59 D.P.R. 179 (1941); Álvarez de Choudens v. Tribunal Superior, 103 D.P.R. 235, 242 (1974).

21. El requisito fundamental para expedir el recurso de Mandamus reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado. Partido Popular v. Junta de Elecciones, 62 D.P.R. 745, 749 (1944). Es decir, "la ley no solo debe autorizar, sino exigir la acción requerida". R. Hernández Colon, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2007 Pág. 477.

22. De esta forma, si la ley prescribe y define el deber a ser cumplido con tal precisión y certeza que nada deja al ejercicio de la discreción o juicio, el acto es uno ministerial. Álvarez de Choudens v. Tribunal Superior, *supra*; Rodríguez Carlo v. García Ramírez, 35 D.P.R. 381, 384 (1926); Pagan v. Towner, *supra*.

23. Por otro lado, se ha resuelto que este deber ministerial, aunque inmanente al auto de Mandamus, no tiene que ser necesariamente expreso, pues tal supuesto reduciría la función exclusiva de este Tribunal de interpretar la Constitución y las leyes. Hernández Agosto v. Romero Barceló, 112 D.P.R. 407, 418 (1982).

24. El deber ministerial que exige el recurso de Mandamus debe emanar de un empleo, cargo o función pública, por lo que el recurso procede contra todos los funcionarios del ejecutivo, desde el más alto hasta el último en la escala jerárquica. Art. 650 del Código de Enjuiciamiento Civil (1933), 32 L.P.R.A sec. 3422; Lutz v. Post Gobernador de Puerto Rico, 14 D.P.R. 860, 869- 870 (1908); Noriega v. Hernández Colon, 135 D.P.R. 406, 449 (1994). Este recurso puede aplicarse, no solo a funcionarios públicos, sino a cualquier agencia, junta o tribunal inferior de nuestro sistema judicial, siempre que estos estén obligados a ejecutar un acto por mandato de ley. Art. 650 del Código de Enjuiciamiento

Civil (1933), 32 L.P.R.A. sec. 3422; véase, además, Rivé Rivera, *supra*, pág. 117. Por tal razón, aquella persona que se vea afectada por el incumplimiento del deber podrá solicitar el recurso de Mandamus. Asoc. Pesc. Pta. Figueras v. Pto. del Rey, Inc., 155 D.P.R. 906, 921 (2001).

25. El procedimiento para la expedición de un auto de Mandamus está expuesto en la Regla 54 de las de Procedimiento Civil, 32 L.P.R.A. Ap. V R. 54, y por nuestra jurisprudencia.

26. El Tribunal Supremo ha resuelto que el factor más importante al evaluarse la concesión de un auto de Mandamus es el posible impacto que tal recurso pudiera ocasionar al interés público. Noriega v. Hernández Colon, *supra*, Pág. 448. A estos efectos se ha resuelto que, "[d]e ordinario, el posible impacto público que tendrá la expedición del Mandamus será proporcional a la importancia del deber ministerial que se alega ha sido incumplido y que se pretende vindicar mediante el Mandamus". Báez Galib v. C.E.E. II, 152 D.P.R. 352, 392 (2000).

27. Una vez la parte demandante ha probado la existencia de un deber ministerial y que este no ha sido cumplido, le corresponde al funcionario sobre quien recae el deber ministerial la carga probatoria de demostrar que la concesión del auto afectaría negativamente un interés público mayor o que simplemente se le hace imposible cumplir. State v. Knop, 190 So. 135, 146- 148 (La. 1939). Sin embargo, el funcionario, en su obligación de probar el detrimento al interés público que pudiera eximirlo de cumplir con el deber impuesto, no puede descansar meramente en sus alegaciones, sino que deberá presentar evidencia preponderante que coloque al tribunal en posición de constatar el impacto o perjuicio alegado. Solo así, podrá colocar al foro primario en posición de decidir si deniega el recurso, conforme a la evidencia demostrativa de tal impacto perjudicial al interés público.

28. La "discreción" del auto y su relación con los remedios en equidad implica, entonces, que "el tribunal no está atado a un remedio fijo, sino que se puede diseñar un remedio compatible con los intereses públicos envueltos. Rivé Rivera, *supra*, pág. 112.

29. El Tribunal Supremo de Puerto Rico, en múltiples ocasiones, ha pasado juicio sobre el acceso a la información, y ha establecido de manera clara e inequívoca, que la información en posesión del Estado es pública y debe ser accesible a la ciudadanía en general. En <u>Dávila v. Superintendente de Elecciones,</u> 82 D.P.R. 264, 280-281 (1960), el Tribunal Supremo expresó que el Art. 409 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1781, "es en nuestro sistema el medio legal de mayor eficacia para proteger el derecho del ciudadano a enterarse de lo que su gobierno hace". Sostuvo, asimismo que "los custodios de documentos públicos en nuestro país tienen, por lo tanto, el deber de permitir a las personas interesadas inspeccionar y sacar copia de esos documentos, aunque la ley pertinente no les imponga esa obligación de modo expreso".

30. A su vez, el Artículo 1(b) de la Ley de Administración de Documentos Públicos, 3 L.P.R.A. 1001(b), define documento público como: "Todo documento que se origine, conserve, o reciba en cualquier dependencia del Estado Libre Asociado de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos y que de conformidad con el dispuesto en la sec. 1002 de este título se haga conservar permanentemente o temporalmente como prueba de las transacciones por su valor legal."

31. A tenor con la normativa prevaleciente, y lo antes dispuesto, en este caso procede el recurso de Mandamus, en vista de lo cual solicitamos a este Honorable Tribunal a que ordene al Estado Libre Asociado de Puerto Rico, y a su Gobernador, Hon. Ricardo Rosselló Nevares, a que publique de manera inmediata, y, se asegure de que esté disponible al público en general, el Proyecto de Presupuesto presentado a la Junta de Supervisión Fiscal para Puerto Rico. Además, que haga llegar copia al Portavoz del Partido Popular en el Senado de Puerto Rico.

## V.    SÚPLICA Y REMEDIOS

**POR TODO LO CUAL**, se solicita muy respetuosamente a este Honorable Tribunal tome conocimiento de lo antes expuesto, declare **HA LUGAR** la presente Petición y emita orden de conformidad con lo antes expuesto y solicitado.

RESPETUOSAMENTE SOMETIDO.

En San Juan, Puerto Rico a 4 de mayo de 2017.

LCDO. RICARDO ARRILLAGA ARMENDÁRIZ
Col. Núm. 15921 / TSPR 14730
PO Box 192012
San Juan, PR 00919-2012
Tel. 787-200-4524
Email.  arrillaga@aol.com

### JURAMENTO

Yo, **EDUARDO BHATIA GAUTIER,** mayor de edad, casado, Senador y vecino de San Juan, Puerto Rico, bajo el más solemne juramento declaro:

1. Que mi nombre y demás circunstancias personales son las arriba descritas.

2. Que he leído la petición de Mandamus que antecede y que todo lo allí expuesto es cierto y me consta de propio y personal conocimiento o por información y creencia.

3. Que dicha petición de Mandamus ha sido redactada según mi solicitud expresa.

4. Que presto esta declaración jurada a todos los fines legales pertinentes, particularmente el de proteger los derechos constitucionales y estatutarios que nos asisten.

Y para que así conste, firmo la presente en San Juan, Puerto Rico hoy, día 4 de mayo de 2017.

EDUARDO BHATÍA GAUTIER

Afidávit Número: 7423

Jurado y suscrito ante mí por **EDUARDO BHATIA GAUTIER,** de las circunstancias personales arriba expuestas y a quien doy fe de conocer personalmente.

8

En San Juan, Puerto Rico, a 4 de mayo de 2017.



NOTARIO PÚBLICO





ANEJO 1

# Ciento Decimocuarto Congreso
# de los
# Estados Unidos de América

## EN EL SEGUNDO PERÍODO DE SESIONES

*Que comenzaron y se celebraron en la ciudad de Washington el lunes, cuatro de enero de dos mil dieciséis*

# Una Ley

Que reautoriza y enmienda la Ley Nacional del Programa de Becas Marinas (National Sea Grant College Program Act), y para otros fines.

*Que se promulgue por el Senado y la Cámara de Representantes de los Estados Unidos de América, reunidos en el Congreso,*

## SECCIÓN 1. TÍTULO CORTO; TABLA DE CONTENIDOS.

(a) TÍTULO CORTO.-La presente ley podrá citarse como "Ley de Supervisión, Administración, y Estabilidad Económica de Puerto Rico" (Puerto Rico Oversight, Management, and Economic Stability Act) o "PROMESA" por sus siglas en inglés.

(b) TABLA DE CONTENIDO.—La tabla de contenido para esta ley es la siguiente:

Sec. 1. Título corto; tabla de contenidos.
Sec. 2. Fecha de vigencia.
Sec. 3. Separabilidad.
Sec. 4. Supremacía.
Sec. 5. Definiciones.
Sec. 6. Colocación.
Sec. 7. Cumplimiento con leyes federales.

TÍTULO I-ESTABLECIMIENTO Y ORGANIZACIÓN DE LA JUNTA DE SUPERVISIÓN

Sec. 101. Junta de Supervisión y Administración Financiera.
Sec. 102. Sede de la Junta de Supervisión.
Sec. 103. Director Ejecutivo y personal de la Junta de Supervisión.
Sec. 104. Poderes de la Junta de Supervisión.
Sec. 105. Exención de responsabilidad por reclamaciones.
Sec. 106. Tratamiento de las acciones derivadas de esta Ley.
Sec. 107. Presupuesto y fondos para la operación de la Junta de Supervisión.
Sec. 108. Autonomía de la Junta de Supervisión.
Sec. 109. Ética.

al inciso (b) dentro del plazo indicado en la notificación expedida bajo el inciso (a). El Gobernador podrá presentar tantas revisiones a los Planes Fiscales ante la Junta de Supervisión como permita el cronograma incluido en la notificación expedida bajo el inciso (a).

(2) DESARROLLO POR LA JUNTA DE SUPERVISIÓN.—Si el Gobernador no presentara ante la Junta de Supervisión un Plan Fiscal que la Junta de Supervisión determine, a su entera discreción, satisface los requisitos establecidos en el inciso (b) dentro del plazo indicado en la notificación expedida bajo el inciso (a), la Junta de Supervisión preparará y presentará al Gobernador y a la Legislatura un Plan Fiscal que satisfaga los requisitos establecidos en el inciso (b).

(e) APROBACIÓN Y CERTIFICACIÓN.—

(1) APROBACIÓN DEL PLAN FISCAL DESARROLLADO POR EL GOBERNADOR.—Si la Junta de Supervisión aprueba un Plan Fiscal bajo el inciso (c)(3), enviará una certificación de cumplimiento al Gobernador y la Legislatura para dicho Plan Fiscal.

(2) APROBACIÓN TÁCITA DEL PLAN FISCAL DESARROLLADO POR LA JUNTA DE SUPERVISIÓN.—Si la Junta de Supervisión desarrolla un Plan Fiscal bajo el inciso (d)(2), dicho Plan Fiscal se considerará aprobado por el Gobernador y la Junta de Supervisión expedirá una certificación de cumplimiento al Gobernador y a la Legislatura para dicho Plan Fiscal.

(f) DESARROLLO CONJUNTO DEL PLAN FISCAL.—No obstante cualquier otra disposición en esta Sección, si el Gobernador y la Junta de Supervisión desarrollan conjuntamente un Plan Fiscal para el año fiscal que cumpla con los requisitos establecidos en esta Sección, y el Gobernador y la Junta de Supervisión certifican que el Plan Fiscal refleja un consenso entre el Gobernador y la Junta de Supervisión, entonces dicho Plan Fiscal servirá como el Plan Fiscal para el territorio o para la instrumentalidad territorial durante ese año fiscal.

## SEC. 202. APROBACIÓN DE PRESUPUESTOS.

(a) TIEMPO RAZONABLE PARA EL DESARROLLO DE PRESUPUESTOS.—Tan pronto como sea práctico, luego de que todos los miembros y el Presidente de la Junta hayan sido nombrados a la Junta de Supervisión en el año fiscal en el que se establece la Junta de Supervisión, y en cada año fiscal subsecuente en el que la Junta de Supervisión esté en operación, la Junta de Supervisión expedirá una notificación al Gobernador y a la Legislatura que incluirá un cronograma para desarrollar, presentar, aprobar y certificar los Presupuestos para el período de años fiscales que la Junta de Supervisión, a su entera discreción, determine, pero que en cualquier caso, no será un período menor a un año fiscal luego del año fiscal en que se entrega la notificación. La notificación puede también establecer un cronograma de revisiones para Presupuestos que ya estén certificados, las cuales estarán sujetas a la subsecuente aprobación y certificación por parte de la Junta de Supervisión. La Junta de Supervisión consultará con el Gobernador y la Legislatura para establecer el cronograma, pero la Junta de Supervisión tendrá la total discreción para establecer o, mediante la entrega de una notificación posterior al Gobernador y la Legislatura, cambiar las fechas de dicho cronograma según estime apropiado y razonablemente factible.

S. 2328—21 ANEJO 1

(b) PREVISIÓN DE INGRESOS.—La Junta de Supervisión presentará al Gobernador y a la Legislatura un pronóstico de los ingresos para el período cubierto por los Presupuestos dentro del plazo indicado en la notificación expedida bajo el inciso (a), para el uso del Gobernador en el desarrollo del Presupuesto bajo el inciso (c).

(c) PRESUPUESTOS DESARROLLADOS POR EL GOBERNADOR.—

(1) PRESUPUESTOS PROPUESTOS POR EL GOBERNADOR.—El Gobernador presentará ante la Junta de Supervisión las propuestas de Presupuestos en el plazo de tiempo indicado en la notificación expedida bajo el inciso (a). En consulta con el Gobernador y conforme al proceso indicado en la notificación expedida bajo el inciso (a), la Junta de Supervisión determinará, a su entera discreción, si cada uno de los presupuestos propuestos es compatible con el Plan Fiscal aplicable y—

(A) si una propuesta de Presupuesto está en cumplimiento, la Junta de Supervisión —

(i) aprobará el Presupuesto; y

(ii) si el Presupuesto es un Presupuesto del Territorio, presentará el Presupuesto del Territorio ante la Legislatura; o

(B) si la Junta de Supervisión determina que el Presupuesto no está en cumplimiento, la Junta de Supervisión le proveerá al Gobernador—

(i) una notificación de incumplimiento que incluya una descripción de cualquier acción correctiva necesaria; y

(ii) una oportunidad para corregir el incumplimiento conforme al párrafo (2).

(2) REVISIONES DEL GOBERNADOR.—El Gobernador podrá corregir cualquier incumplimiento identificado por la Junta de Supervisión y presentar una propuesta de Presupuesto revisada ante la Junta de Supervisión conforme al párrafo (1). El Gobernador podrá presentar tantas revisiones a los Presupuestos ante la Junta de Supervisión como permita el cronograma incluido en la notificación expedida bajo el inciso (a). Si el Gobernador no logra desarrollar un Presupuesto que la Junta de Supervisión determine es un presupuesto en cumplimiento dentro del plazo indicado en la notificación expedida bajo el inciso (a), la Junta de Supervisión preparará y presentará al Gobernador, en el caso de un Presupuesto de una Instrumentalidad, y al Gobernador y a la Legislatura, en el caso de un Presupuesto del Territorio, un presupuesto revisado que sí esté en cumplimiento.

(d) APROBACIÓN DE PRESUPUESTO POR LA LEGISLATURA.—

(1) PRESUPUESTO ADOPTADO POR LA LEGISLATURA.— La Legislatura presentará ante la Junta de Supervisión el Presupuesto del Territorio que adoptó la Legislatura en el plazo de tiempo indicado en la notificación expedida bajo el inciso (a). La Junta de Supervisión determinará si el Presupuesto del Territorio adoptado está en cumplimiento y—

(A) si el Presupuesto del Territorio adoptado está en cumplimiento, la Junta de Supervisión expedirá una certificación de cumplimiento para dicho presupuesto en cumplimiento a tenor

con lo dispuesto en el inciso (e); y

(B) si el Presupuesto del Territorio adoptado no está en cumplimiento, la Junta de Supervisión le proveerá a la Legislatura—

(i) un aviso de incumplimiento que incluya una descripción de cualquier acción correctiva necesaria; y

(ii) una oportunidad para corregir el incumplimiento conforme al párrafo (2).

(2) REVISIONES DE LA LEGISLATURA.—La Legislatura puede corregir cualquier incumplimiento señalado por la Junta de Supervisión y presentar una versión revisada del Presupuesto del Territorio a la Junta de Supervisión a tenor con el proceso establecido bajo el párrafo (1) y dentro del plazo indicado en la notificación expedida bajo el inciso (a). La Legislatura podrá presentar tantas revisiones a los Presupuestos del Territorio adoptado ante la Junta de Supervisión como permita el cronograma incluido en la notificación expedida bajo el inciso (a). Si la Legislatura no logra adoptar un Presupuesto del Territorio que la Junta de Supervisión determine es un presupuesto en cumplimiento dentro del plazo indicado en la notificación expedida bajo el inciso (a), la Junta de Supervisión preparará un Presupuesto del Territorio revisado que sí esté en cumplimiento y someterlo al Gobernador y a la Legislatura.

(e) CERTIFICACIÓN DE LOS PRESUPUESTOS.—

(1) CERTIFICACIÓN DE PRESUPUESTOS DESARROLLADOS Y APROBADOS DE UN TERRITORIO.—Si el Gobernador y la Legislatura desarrollan y aprueban un Presupuesto del Territorio que está en cumplimiento para el día antes del primer día del año fiscal para el cual se está desarrollando el presupuesto y a tenor con el proceso establecido en los incisos (c) y (d), la Junta de Supervisión expedirá una certificación de cumplimiento para el Gobernador y la Legislatura para dicho Presupuesto del Territorio.

(2) CERTIFICACIÓN DE PRESUPUESTOS DESARROLLADOS Y APROBADOS DE UNA INSTRUMENTALIDAD.— Si el Gobernador desarrolla un Presupuesto para una Instrumentalidad que está en cumplimiento para el día antes del primer día del año fiscal para el cual se está desarrollando el Presupuesto de la Instrumentalidad y a tenor con el proceso establecido bajo el inciso (c), la Junta de Supervisión expedirá una certificación de cumplimiento para el Gobernador para dicho Presupuesto de la Instrumentalidad.

(3) CERTIFICACIÓN TÁCITA DE PRESUPUESTOS DEL TERRITORIO.—Si el Gobernador y la Legislatura no logran desarrollar y aprobar un Presupuesto del Territorio que esté en cumplimiento para el día antes del primer día del año fiscal para el cual se está desarrollando el Presupuesto del Territorio, la Junta de Supervisión presentará un Presupuesto ante el Gobernador y la Legislatura (incluyendo cualquier revisión al Presupuesto del Territorio que haya hecho la Junta de Supervisión a tenor con el inciso (c)(2)) y dicho Presupuesto—

(A) se considerará aprobado por el Gobernador y la

Legislatura;

(B) quedará sujeto a una certificación de cumplimiento expedida al Gobernador y a la Legislatura por la Junta de Supervisión ; y

(C) tendrá plena vigencia y efecto a partir del primer día del año fiscal correspondiente.

(4) CERTIFICACIÓN TÁCITA DE PRESUPUESTOS DE INSTRUMENTALIDADES.—Si el Gobernador no logra desarrollar el Presupuesto de una Instrumentalidad que esté en cumplimiento para el día antes del primer día del año fiscal para el cual se está desarrollando el Presupuesto de la Instrumentalidad, la Junta de Supervisión presentará el Presupuesto de tal Instrumentalidad ante el Gobernador (incluyendo cualquier revisión al Presupuesto de la Instrumentalidad que haya hecho la Junta de Supervisión a tenor con el inciso (c)(2)) y dicho Presupuesto—

(A) se considerará aprobado por el Gobernador;

(B) quedará sujeto a una certificación de cumplimiento expedida al Gobernador por la Junta de Supervisión ; y

(C) tendrá plena vigencia y efecto a partir del primer día del año fiscal correspondiente.

(f) DESARROLLO CONJUNTO DE PRESUPUESTOS.—No obstante cualquier otra disposición en esta Sección, si, en el caso de un Presupuesto del Territorio, el Gobernador, la Legislatura y la Junta de Supervisión, o en el caso de un Presupuesto de una Instrumentalidad, el Gobernador y la Junta de Supervisión, conjuntamente desarrollan dicho Presupuesto para el año fiscal que cumpla con los requisitos bajo esta Sección, y que las partes relevantes certifiquen que dicho presupuesto refleja el consenso entre ellos, entonces dicho Presupuesto servirá como el Presupuesto para el territorio o para la instrumentalidad territorial durante ese año fiscal.

## SEC. 203. EFECTO DE LA CONSTATACIÓN DE INCUMPLIMIENTO CON EL PRESUPUESTO.

(a) PRESENTACIÓN DE INFORMES.—A más tardar 15 días después del último día de cada trimestre del año fiscal (que comienza con el año fiscal establecido por la Junta de Supervisión), el Gobernador presentará un informe ante la Junta de Supervisión, en la forma en que la Junta de Supervisión lo requiera, describiendo—

(1) los ingresos en efectivo, los gastos en efectivo y los flujos de efectivo actuales del gobierno del territorio para el trimestre anterior, en comparación con las proyecciones de ingresos, gastos y flujos de efectivo que figuran en el Presupuesto certificado para dicho trimestre anterior; y

(2) cualquier otra información solicitada por la Junta de Supervisión, que pudiera incluir una hoja de balance o el requisito de que el Gobernador provea por separado la información de cada instrumentalidad territorial cubierta.

(b) ACCIÓN INICIAL POR LA JUNTA DE SUPERVISIÓN.—

(1) EN GENERAL.—Si la Junta de Supervisión determina, en base a los informes presentados por el Gobernador bajo el inciso (a), auditorías independientes o cualquier otra información de ese tipo que



ANEJO 2

**BOARD RESOLUTION ADOPTED ON MARCH 13, 2017**

**(BUDGET TIMELINE)**

RESOLVED, the Board requests of the Governor of Puerto Rico to provide the Board by no later than April 30, 2017 with (1) the proposed Budget for the Commonwealth of Puerto Rico as contemplated by Section 202 of PROMESA; (2) a detailed implementation plan for the measures contained in the certified Fiscal Plan; and (3) a revised Liquidity Plan for the Commonwealth of Puerto Rico, including measures to generate a $200 million cash reserve by June 30, 2017 above the balance reflected in the certified Fiscal Plan.

# ANEJO 3

### FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
### FOR PUERTO RICO



*José B. Carrión III*
Chair

Members
*Andrew G. Biggs*
*Carlos M. García*
*Arthur J. González*
*José R. González*
*Ana J. Matosantos*
*David A. Skeel, Jr.*

*Ramón M. Ruiz-Comas*
Executive Director

BY ELECTRONIC MAIL

March 22, 2017

Honorable Ricardo A. Rosselló Nevares
Governor of Puerto Rico
La Fortaleza
PO Box 9020082
San Juan, PR 00902-0082

Honorable Thomas Rivera Schatz
President of the Senate of Puerto Rico

Honorable Carlos J. Méndez Núñez
Speaker of the House of Representatives
 of Puerto Rico

Dear Governor Rosselló Nevares, Senator Rivera Schatz, and Speaker Méndez Núñez:

By letter dated March 15, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), pursuant to PROMESA § 202(a), set April 30, 2017 as the deadline for the Governor's submission to the Oversight Board of his proposed budget for fiscal year 2018, along with a detailed implementation plan for the measures contained in the Commonwealth Fiscal Plan and a revised Liquidity Plan for the Commonwealth, including measures to generate a $200 million cash reserve by June 30, 2017 above the balance reflected in the Commonwealth Fiscal Plan.

By this letter, pursuant to PROMESA § 202(a)(c), the Oversight Board sets the following deadlines for subsequent steps in route to the adoption of the operative budget:

1. <u>May 8, 2017</u>:  Oversight Board to approve Governor's proposed budget or to notify Governor of violations and provide descriptions of all necessary corrective actions;

Honorable Ricardo A. Rosselló Nevares                                    **ANEJO 3**
Honorable Thomas Rivera Schatz
Honorable Carlos J. Méndez Núñez
March 22, 2017
Page **2** of **4**

2.  May 22, 2017: (a) If the Oversight Board approved the proposed budget, the
    Legislature shall submit to the Oversight Board the budget it adopts;
    (b) If the Oversight Board notified the Governor of violations, the Governor may
    submit a revised budget to the Oversight Board on or before May 23, 2017;

3.  May 31, 2017: (a) If the Legislature timely submitted its adopted budget to the
    Oversight Board, the Oversight Board shall approve it or notify the Legislature of
    its violations and provide descriptions of all necessary corrective actions;
    (b) If the Governor timely submitted a revised budget, the Oversight Board shall
    approve it or submit to the Governor and Legislature its own revised, compliant
    budget.

4.  June 7, 2017: (a) If the Legislature timely submitted a revised, compliant budget to
    the Oversight Board, the Oversight Board shall issue a compliance certification to
    the Governor and Legislature.
    (b) If the Legislature did not submit a timely, revised, compliant budget, and
    continues to fail to do so through June 30, 2017, the Oversight Board shall
    submit its own compliant budget to the Governor and Legislature on July 1, 2017
    and that budget, pursuant to PROMESA § 202(e)(3), shall be (i) deemed to be
    approved by the Governor and Legislature, (ii) deemed to be subject to a
    compliance certification issued by the Oversight Board to the Governor and
    Legislature, and (iii) in full force and effect beginning the first day of the fiscal
    year.
    (c) If the Oversight Board submitted the Governor's or its own budget to the
    Legislature on or before May 31, 2017, the Legislature shall submit to the
    Oversight Board the budget it adopts.

5.  June 14, 2017: (a) If the Legislature timely submitted its adopted budget to the Oversight
    Board, the Oversight Board shall approve it or notify the Legislature of its violations and
    provide descriptions of all necessary corrective actions.

6.  June 21, 2017: (a) If the Oversight Board approved the Legislature's adopted budget, the
    Oversight Board shall issue a compliance certification to the Governor and Legislature for
    such budget.
    (b) If the Oversight Board notified the Legislature of violations and corrective actions,
    the Legislature shall submit a revised budget to the Oversight Board.

7.  June 30, 2017: (a) If the Legislature submits a revised, compliant budget to the Oversight
    Board, the Oversight Board shall approve it and issue a compliance certification to the
    Governor and Legislature.
    (b) If the Legislature fails to submit a revised, compliant budget to the Oversight Board,
    the Oversight Board shall submit its own compliant budget to the Governor and
    Legislature on July 1, 2017 and that budget, pursuant to PROMESA § 202(e)(3), shall be

Honorable Ricardo A. Rosselló Nevares                    **ANEJO 3**
Honorable Thomas Rivera Schatz
Honorable Carlos J. Méndez Núñez
March 22, 2017
Page 3 of 4

(i) deemed to be approved by the Governor and Legislature, (ii) deemed to be subject to a compliance certification issued by the Oversight Board to the Governor and Legislature, and (iii) in full force and effect beginning the first day of the fiscal year.

8. Any time through June 30, 2017: Pursuant to PROMESA § 202(f), if the Governor, Legislature, and Oversight Board each certify that a jointly developed budget reflects a consensus among them, then such budget shall serve as the budget for the Commonwealth for fiscal year 2018.

Pursuant to PROMESA § 202(b), the Oversight Board provides the forecast of revenues for the period covered by the budget that is attached hereto as Appendix A, for use by the Governor in developing the Budget.

Sincerely,

José B. Carrión
Chair

Andrew G. Biggs
Carlos M. García
Arthur J. González
José R. González
Ana J. Matosantos
David A. Skeel, Jr.

CC: Ramón M. Ruiz-Comas
Elías F. Sánchez-Sifontes

Honorable Ricardo A. Rosselló Nevares
Honorable Thomas Rivera Schatz
Honorable Carlos J. Méndez Núñez
March 22, 2017
Page 4 of 4

ANEJO 3

Appendix A:

| Fiscal year ending June 30 ($ in millions) | 2017 | 2018 |
|---|---|---|
| General Fund Revenues: | | |
| Individual Income Taxes | $1,811 | $1,760 |
| Corporate Income Taxes | 1,515 | 1,473 |
| Non-Resident Withholdings | 685 | 666 |
| Alcoholic Beverages | 268 | 260 |
| Cigarettes | 112 | 109 |
| Motor Vehicles | 330 | 321 |
| Excises on Off-Shore Shipment Rum | 172 | 173 |
| Other General Fund Revenue | 506 | 386 |
| General Fund Portion of SUT (10.5%) | 1,718 | 1,655 |
| Net Act 154 | 2,075 | 1,556 |
| **General Fund Revenue** | **$9,192** | **$8,360** |
| Additional SUT (COFINA, FAM & Cine) | 850 | 877 |
| Other Tax Revenues | 1,337 | 1,396 |
| Other Non-Tax Revenues | 579 | 576 |
| Federal Transfers | 6,994 | 7,168 |
| Loss of Affordable Care Act ("ACA") Funding | – | (865) |
| **Revenues before Measures** | **$18,952** | **$17,511** |
| **Revenue Measures** | **–** | **924** |
| **Total Revenues after Measures** | **$18,952** | **$18,435** |



**ANEJO 4**

## SENADO DE PUERTO RICO
### EDUARDO A. BHATIA
**PORTAVOZ PARTIDO POPULAR DEMOCRÁTICO**

2 de mayo de 2017

Hon. Ricardo Rosselló Nevares
Gobernador
Estado Libre Asociado de Puerto Rico
La Fortaleza
PO Box 9020082
San Juan, PR 00902-0082

Estimado Gobernador:

Reciba un cordial saludo.

He advenido en conocimiento que, el pasado domingo, 30 de abril de 2017, su equipo de trabajo sometió a la Junta de Supervisión Fiscal un Proyecto de Presupuesto correspondiente al año fiscal 2017-2018, según requerido en la Ley Federal PROMESA, 48 U.S.C. § 2101. Nuestro Tribunal Supremo ha discutido extensamente el tema del acceso a la información, y ha establecido de manera clara e inequívoca que la información en posesión del Estado es pública y debe estar accesible a la ciudadanía en general. Es por ello que le solicito que haga pública copia del mencionado Proyecto de Presupuesto, y comparta una copia con este servidor inmediatamente.

Agradeciendo de antemano su pronta respuesta,

EL CAPITOLIO, APARTADO 9023431, SAN JUAN, PR 00902-3431
TEL 787.724.2030 • FAX 787.722.2981 • EDUARDO.BHATIA@GMAIL.COM

ANEJO 5

## Noticias

Accede a ePaper | Suscríbete

LOCALES

# Rosselló entregó el presupuesto del País a la Junta

**El gobernador lo sometió el domingo, pero no lo divulgará hasta que sea evaluado por el ente fiscal**

miércoles, 3 de mayo de 2017 - 6:43 AM

Por Rebecca Banuchi



Estar informado es importante.

¿Te gustaría recibir alertas, dejar tus comentarios y guardar tus artículos favoritos?

¿Ya registrado? Log in          Regístrate aquí



El gobernador presentó el presupuesto ante la JSF tarde la noche del domingo. (Archivo GFR Media)

**La Junta de Supervisión Fiscal** ya tiene en su poder el presupuesto recomendado por el gobernador Ricardo Rosselló para el próximo año fiscal, pero su contenido no será divulgado hasta que sea examinado por el ente federal que controla las finanzas públicas.

| RELACIONADOS: |
| --- |
| Budget is submitted to OB |

**El primer ejecutivo sometió el presupuesto ante la Junta durante la noche del domingo,** fecha prestablecida por los miembros de la entidad como límite para presentar las partidas con las que operará el gobierno a partir del próximo 1 de julio.

De igual forma, ese día, **Rosselló** debía presentar un informe detallado sobre la implementación del Plan Fiscal para Puerto Rico y una revisión de la liquidez de las arcas gubernamentales.

"Ahora es un documento de trabajo, un borrador que se discute con ellos (con la Junta), y una vez ellos culminen ese proceso de evaluación, se presentará ante la Asamblea Legislativa", explicó a **El Nuevo Día** Yennifer Álvarez Jaimes, secretaria de prensa de La Fortaleza.

**ANEJO 5**

**"Una vez se presente ante la Asamblea Legislativa, es que se hace público.** Mientras tanto, es un borrador que se está discutiendo con la Junta, es como si todavía el Ejecutivo estuviese preparándolo", abundó.

Sobre la discusión del presupuesto, precisó que será Elías Sánchez Sifonte, representante del gobernador ante el ente fiscal, quien encabezará el proceso por parte del Ejecutivo. "Está ahí, en constante conversación con los miembros de la Junta, para ver cuáles son las preguntas. Llevan una discusión continua", enfatizó.

Mencionó que también podrían intervenir asesores del mandatario, así como algunos jefes de agencia, según las dudas o comentarios que surjan entre los miembros del ente federal.

De acuerdo con una carta remitida a Rosselló el pasado 22 de marzo, **la Junta tiene hasta el 8 de mayo para aprobar ese borrador** o señalar cualquier violación a los objetivos fiscales, e indicar las acciones correctivas.

 Ver 61 comentarios

TAGS:

◇ presupuesto    ◇ Junta de Supervisión Fiscal    ◇ Ricardo Rosselló Nevares

☆ Guardar     

## Te recomendamos



NOTICIAS
**La Junta de Supervisión Fiscal establece nuevas pautas**



NEGOCIOS
**Bonistas constitucionales aseguran que la Junta forzó la bancarrota**



NOTICIAS
**El gobernador Ricardo Rosselló inaugura un parque solar en Isabela**



NOTICIAS
**Ricardo Rosselló recorre la zona vandalizada en la Milla de Oro**



NOTICIAS
**Junta de Gobierno de la UPR analiza en qué áreas se harán los recortes**



NEGOCIOS
**Los bonistas le responden a la Junta de Supervisión Fiscal**



5/4/2017                                Junta fiscal pide que no se haga público el presupuesto – CB Español                          **ANEJO 6**

4 DE MAYO DE 2017    SUSCRÍBETE CB ESPAÑOL DIGITAL                                                                          Search site







MÁS RECIENTES    REGIONAL    ECONOMÍA    POLÍTICA    OPINIÓN    CB GENTE    ENGLISH    EDICIÓN IMPRESA

Home  >  Política  >  Junta fiscal pide que no se haga público el presupuesto

# Junta fiscal pide que no se haga público el presupuesto

*Por Luis J. Valentín Ortiz el 4 de mayo de 2017*

**34**
SHARES    f    y    8    @    in

¿Por qué el gobierno de Puerto Rico no publicará aun el presupuesto, proyecciones de liquidez revisadas y el calendario de implementación del plan fiscal que entregó a la junta el 30 de abril?

"La junta lo pidió", dijo a **CB en Español** el secretario de Asuntos Públicos, **Ramón Rosario**, quien justificó su confidencialidad al decir son "documentos de trabajo", que pertenecen al ente rector de Promesa y que se amparan bajo la legislación federal aplicable.

"Es un documento de trabajo y bajo la legislación federal la junta ha determinado que mientras esté en intercambio (…) que no es final, no es información pública", dijo Rosario.

El domingo, 30 de abril, la administración de **Ricardo Rosselló** entregó a la junta "un borrador" del presupuesto para el año fiscal que comienza el 1 de julio, proyecciones de liquidez revisadas y los pasos que tomará para implementar el plan fiscal certificado, informó el representante ante la junta, **Elías Sánchez**.





El presidente de la junta, José Carrión. (Juan J. Rodríguez/CB)

**CB en Español** pidió copia de los documentos, pero La Fortaleza indicó que estos no serían públicos hasta que se presente el presupuesto a la Legislatura.

"Es lo que ha solicitado la junta", manifestó Rosario a preguntas de este medio sobre el uso de legislación federal para justificar la confidencialidad de los tres documentos que entregó el gobierno el 30 de abril.

Mientras, de acuerdo con el calendario que estableció el ente rector para la evaluación del plan de gastos del gobierno, la junta deberá pasar juicio inicial sobre el presupuesto que entregó la

RECIENTES    POPULAR    COMMENTS



**Gobierno ya pidió Capítulo III para Cofina**

El gobernador envió la misiva en la tarde de...

4 de mayo de 2017



**García Padilla: "Era la única ruta viable"**

"La experiencia nos dice que esto debe ser el...

3 de mayo de 2017



**Despreocupada presidenta de Cossec ante posibles escenarios bajo Capítulo III**

Asegura que el plan fiscal garantiza la solvencia de...

3 de mayo de 2017

http://cb.pr/junta-fiscal-pide-que-no-se-haga-publico-el-presupuesto/                                                        1/4

administración en o antes del 8 de mayo. La junta podrá avalar el documento o requerir cambios por parte del ejecutivo previo a su envío a la Legislatura.

Funcionarios del gobierno indicaron que presentaron un presupuesto con cargo al fondo general que ronda en los $9,300 millones. Entre sus elementos, el plan de gastos debe contener la partida que iría al pago de servicio de deuda.

Mientras, las proyecciones de liquidez deben mostrar si el gobierno ya identificó la reserva de $200 millones, en efectivo y en caja, para el 30 de junio. Esto evitaria la reducción de jornada laboral de empleados públicos y la eliminación del bono de Navidad, según requirió la junta.



### GOs acusan a la junta fiscal de sabotear negociaciones de última hora

Grupo de bonistas manifestó que la junta obstaculizó ayer un acuerdo consensual

**CB** CB Español                         0

Por último, la implementación de las medidas del plan fiscal dictará el calendario mediante el cual la administración debe ejecutar los ajustes fiscales.

Recientemente, planes fiscales para cuatro entidades públicas fueron certificados y publicados el mismo día por la junta, luego de que el gobierno entregará en febrero los documentos. En aquel entonces, tanto la administración como la junta apuntaron al carácter de "borradores" no finales, como la razón por la cual no harían públicos estos planes.

El presidente de la junta, **José Carrión**, aseguró que no fue una decisión intencional del ente rector, y que la tardanza en su publicación se debió más bien al poco tiempo con el que trabaja.

"Ahora serán públicos... Por favor, toma en consideración que muchos de nosotros [los miembros de la junta] tenemos trabajos de día. Es complicado el tema del tiempo, estamos tratando de cumplir con el marco de tiempo que teníamos", expresó, mientras dejó sobre la mesa la posibilidad de enmendar estos planes fiscales de cara al futuro.

## 'Diferente al informe de KPMG'

El secretario de Asuntos Públicos distinguió la situación actual con la del informe sobre la reforma contributiva que realizó KPMG en el 2014, bajo la administración del exgobernador **Alejandro García Padilla**.

En aquel entonces, un grupo de periodistas prevaleció en el tribunal y logró la divulgación parcial del informe, a pesar de los argumentos que realizó el gobierno para mantener su confidencialidad: que era un "documento de trabajo", sin terminar y por ende, no público.



## [DOCUMENTOS] ¿Qué piden los acreedores en las demandas de hoy contra el gobierno?

Una lista sobre los reclamos de los acreedores que demandaron al gobierno de Puerto Rico

**CB** CB Español                                                                    0

"En ese caso particular no tienes la junta, que es un documento de la junta, y el borrador ya era uno final entregado al gobierno de Puerto Rico", aseguró Rosario.

¿Provee entonces Promesa para la confidencialidad de estos documentos?, preguntó **CB en Español.**

"Lo que pasa es que como la junta es un organismo creado por el gobierno federal con la ley Promesa (...) sabes que bajo FOIA ('Freedom of Information Act'), no tienes las mismas directrices que tiene el gobierno estatal con sus agencias", dijo el funcionario.

No obstante, no queda claro cómo le aplicaría la ley FOIA a la junta, toda vez que Promesa establece que el ente no será considerado un organismo federal, sino que un organismo dentro del marco del gobierno territorial. FOIA solo le aplica a las agencias del gobierno federal.

Por otro lado, al ser el gobierno de Puerto Rico quien generó la documentación que entregó el 30 de abril, debería aplicar la legislación y jurisprudencia puertorriqueña a la hora de establecer el carácter público de estos documentos, a juicio del abogado **John Mudd.**

🖨 **PRINT**

## 34
**SHARES**

    

Alejandro García Padilla    Cobertura noticiosa    Elías Sánchez    FOIA    José Carrión

Junta de Control Fiscal    Junta de supervisión fiscal    Ramón Rosario    Ricardo Rosselló

**RELATED POSTS**



Gobierno ya pidió Capítulo III para Cofina



Hacienda reparte $150 millones en seguros del gobierno



Cooperativas aseguran estar preparadas para la quiebra de Puerto Rico



40 municipios bajo amenaza de desaparecer

S. 2328—6          ANEJO 7

(E) las Islas Vírgenes de los Estados Unidos.

(21) PRESUPUESTO DEL TERRITORIO.—El término "Presupuesto del Territorio" significa un presupuesto para un gobierno del territorio, presentado, aprobado y certificado a tenor con la Sección 202.

(22) PLAN FISCAL DEL TERRITORIO.—El término "Plan Fiscal del Territorio" significa un plan fiscal para un gobierno del territorio, presentado, aprobado y certificado a tenor con la Sección 201.

## SEC. 6. COLOCACIÓN.

Se ordena al Consejo de Revisión de Leyes a colocar esta Ley como el Capítulo 20 del título 48, del Código Federal de Estados Unidos.

## SEC. 7. CUMPLIMIENTO CON LEYES FEDERALES.

Salvo que se disponga lo contrario en esta Ley, nada en esta Ley podrá interpretarse en el sentido de menoscabar o de alguna manera relevar al gobierno del territorio, o a cualquier instrumentalidad territorial del mismo, del cumplimiento con las leyes o requisitos federales o leyes y requisitos territoriales que implementen un programa autorizado o delegado por el gobierno federal que proteja la salud, la seguridad y el medio ambiente de las personas en dicho territorio.

## TÍTULO I-ESTABLECIMIENTO Y ORGANIZACIÓN DE LA JUNTA DE SUPERVISIÓN

## SEC. 101. JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA.

(a) PROPÓSITO.—El propósito de la Junta de Supervisión es proveer un método para que un territorio cubierto pueda lograr la responsabilidad fiscal y acceder a los mercados de capital.

(b) ESTABLECIMIENTO.—

(1) PUERTO RICO.—Por la presente queda establecida una Junta de Supervisión y Administración Financiera para Puerto Rico.

(2) BASE CONSTITUCIONAL.—El Congreso adopta esta Ley a tenor con el Artículo IV, Sección 3 de la Constitución de los Estados Unidos, la cual le otorga al Congreso la facultad de disponer de e implementar todas las normas y regulaciones que sean necesarias para los territorios.

(c) TRATAMIENTO.—Una Junta de Supervisión conforme a lo establecido bajo esta Sección-

(1) se creará como una entidad dentro del gobierno del territorio, para la cual se establece a tenor con el presente título; y

(2) no se considerará un departamento, agencia, establecimiento o instrumentalidad del Gobierno Federal.

(d) SUPERVISIÓN DE INSTRUMENTALIDADES TERRITORIALES.—

(1) DESIGNACIÓN.—

(A) EN GENERAL.—La Junta de Supervisión, a su entera discreción y en el momento en que la Junta de Supervisión determine que lo amerite, podrá nombrar a cualquier instrumentalidad territorial como una instrumentalidad territorial